IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PENSION FUND OF CEMENT MASONS UNION LOCAL NO. 502, *et al.*, | )<br>)<br>) Case No. 24 CV 12632 |
| Plaintiffs, | )<br>) Judge Sharon Johnson Coleman |
| v. | )<br>) |
| I A P CONSTRUCTION, INC., an Illinois Corporation, and IAN PROCE, an individual, | )<br>)<br>) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

On December 9, 2024, Plaintiffs Pension Fund of Cement Masons Union Local No. 502, Cement Masons Institute Local 502 Welfare Trust Fund, Cement Masons Local 502 and Plasterers Area 5 Annuity Fund, Cement Masons Local No. 502 Retiree Welfare Fund, Cement Masons' Local Union No. 502 Savings Fund, Cement Masons Union Local No. 502 Apprenticeship and Training Fund, Operative Plasterers' & Cement Masons' International Association (OPCMIA) Northern Illinois District Council Labor Management Cooperation Trust, and Cement Masons' Union Local No. 502 Plasterers Area 5 (collectively, "Plaintiffs") filed this action against Defendants I A P Construction, Inc. ("IAP Construction"), an Illinois corporation, and Ian Proce ("Proce"), President of IAP Construction (collectively, "Defendants"), seeking to recover the payment of unpaid contributions pursuant to a collective bargaining agreement to which IAP Construction is a signatory. The Court entered an order of default and default judgment against Defendants on February 7, 2025 and February 26, 2025, respectively. Before the Court is Proce's motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(a). For the following reasons, the Court denies Proce's motion [29].

1

I.      Background

Plaintiffs filed this action on December 9, 2024 against IAP Construction and Proce, President of IAP Construction. On December 30, 2024, Plaintiffs sought permission from the Court to effectuate alternative service of process upon Proce, detailing five unsuccessful attempts to serve Proce at his residence in Plainfield, Illinois. Plaintiffs' process server indicated in an affidavit and Certificate of Non-Service that during the first service attempt on December 12, 2024, "the babysitter answered the door and said nobody was home, she thought coming back around 2-3 pm or a weekend attempt." Of the remaining four service attempts, all of which were unsuccessful, the process server reported the presence of a black Ford vehicle in the driveway on all occasions, in addition to lights or sound from inside the residence on two of those occasions. The Court concluded that Plaintiffs had undertaken a diligent inquiry into Proce's whereabouts and had made reasonable efforts to effectuate service. Having determined that the circumstances as described by Plaintiffs suggested that Proce had deliberately avoided service and that further service attempts via traditional means would be impractical, the Court granted Plaintiffs' motion for alternative service of process on January 7, 2025. Plaintiffs executed service on Defendants in accordance with the Court's order.

The Court thereafter entered an order of default against Defendants pursuant to Rule 55(a) on February 7, 2025. On February 24, 2025, IAP Construction filed a voluntary petition for relief under Chapter 11 of the United States Code with the United States Bankruptcy Court for the Northern District of Illinois. In response, Plaintiffs filed with this Court a suggestion of bankruptcy as to IAP Construction on February 25, 2025. On February 26, 2025, the Court entered a default judgment against Defendants. More than three weeks later, on March 20, 2025, Proce filed the instant motion to alter the judgment.

## II. Legal Standard

A court may set aside an entry of default for good cause, and may set aside a final default judgment under Rule 60(b). Fed. R. Civ. P. 55(c). Rule 60(b) permits relief from judgment on grounds of mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or misconduct by an opposing party; the judgment is void, or has been otherwise satisfied or discharged; or any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)–(6).

In order to obtain relief, a defendant bears the burden to show "(1) good cause for its default; (2) quick action to correct it; and (3) a meritorious defense to the plaintiff's complaint." *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Medical Supplies, Inc.*, 961 F.3d 942, 949 (7th Cir. 2020) (cleaned up). This test "establishes a high hurdle for parties seeking to avoid default judgments and requires something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing a default judgment." *Garcia v. Valet Parking Prof'l, LLC*, 2020 WL 733104, at *1 (N.D. Ill. Feb. 13, 2020) (Coleman, J.) (quoting *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994)).

The elements for relief under Rules 55(c) and 60(b) are substantially the same, but the standards are applied more stringently when considering a Rule 60(b) motion. *See Chrysler Credit Corp. v. Macino*, 710 F.2d 363, 368 (7th Cir. 1983). Although the Court considers the well-established principal of favoring a trial on the merits over a default judgment, relief from a judgment under Rule 60(b) is "an extraordinary remedy and is granted only in exceptional circumstances." *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000) (quoting *Dickerson v. Board of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994)).

## III. Discussion

Proce seeks to vacate the default judgment against him and "set the matter for trial." As to why Proce did not respond to the complaint, Proce attests that he believed that he was named in the complaint because he is the president and sole shareholder of IAP Construction, but "did not

3

understand that this lawsuit was directed against both [IAP Construction] as well as him personally," and was under the impression that IAP Construction's bankruptcy filing stayed the action against him. Proce also advances merit-based defenses to the action as a basis to vacate the default judgment, including assertions that language in the agreement binding Proce as a guarantor was inconspicuous and that Proce understood to have signed the agreement only in a representative capacity on behalf of IAP Construction. Proce claims to have learned that this case was not subject to an automatic stay "[o]nly after the filing of [IAP Construction's] bankruptcy case."

As an initial matter, Proce improperly moves under Rule 59(a), which sets forth bases on which to grant a new trial. Such rule is inapplicable in the present circumstance, where no trial has occurred. Proce admits as much in his reply brief. Rather, because a final default judgment has been entered, Rules 55(c) and 60(b) provide the appropriate standards for the Court's review. Although the Court has discretion to deny Proce's motion for failure to cite to the correct standard, the Court will address the merits of Proce's motion under the appropriate procedural mechanisms.

Proce has failed to meet his burden to show good cause for the default. Proce's rationale for not appearing in this action veers between not having understood that he had been named in his individual capacity and having had a good faith belief that the bankruptcy action stayed this action against him. Notwithstanding the contradictory nature of these arguments, Proce cites no case law supporting the notion that a court should set aside an entry of default or default judgment merely because a non-lawyer does not understand the rules of this Court or fails to act diligently in seeking legal advice so as to comply with those rules. Any doubt as to whether the complaint in this action names or seeks relief from Proce in his individual capacity should have been dispelled by the fact that one of two summonses stamped by the Clerk of Court was addressed to Proce—copies of which were mailed via U.S. First-Class Mail and U.S. Certified Mail, Return Receipt Requested, to Proce's residential address, emailed to Proce's email address, and posted on the front door of Proce's

residence. Although Proce attests that neither he nor his wife were at their residence when service of process was attempted, Proce's briefing is silent as to why he failed to respond to the summons and complaint that Plaintiffs sent him via physical mail to his residence and email in accordance with the Court's order permitting alternative service of process.

Nor has Proce demonstrated quick action to correct his failure to respond to the complaint. *See Arwa Chiropractic, P.C.*, 961 F.3d at 949. Proce admits that he received a copy of the complaint in February 2025—signifying that Proce waited anywhere from 20 to 47 days after having received the complaint to appear in this case. Again, Proce cites no case law supporting the proposition that such length of time constitutes "quick action."

Because the Court finds Proce's "good cause" and "quick action" arguments uncompelling, the Court need not address whether Proce has a meritorious defense to the complaint.

## IV. Conclusion

For the foregoing reasons, the Court denies Proce's motion [29].

**IT IS SO ORDERED.**

Date: 4/16/2025

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

5